**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELAINE DONNELLY, and<br>CENTER FOR MILITARY READINESS,<br>17525 Fairway<br>Livonia, Michigan 48152<br><br>       Plaintiffs,<br><br>  -v.-<br><br>UNITED STATES DEPARTMENT OF THE ARMY,<br>300 Army Pentagon<br>Washington, DC 20310-0300<br><br>       Defendant. | Civil Case No.<br><br>**COMPLAINT**<br>[Freedom of Information Act] |

## INTRODUCTION

1.    This is an action by news media representative Elaine Donnelly and the Center for Military Readiness (hereinafter "Plaintiffs") against the United States Department of the Army (hereinafter "Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

2.    Plaintiffs, as the FOIA requestors, bring this action for a declaration that the Defendant violated FOIA by failing to produce the requested documents and for an order compelling Defendant to fully discharge its obligations under FOIA and make available the requested documents.

## JURISDICTION AND VENUE

3.    This action arises under the laws of the United States, in particular, 5 U.S.C. § 552.  Thus, this court has jurisdiction pursuant to 28 U.S.C. § 1331.

4.    This court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), which states, in relevant part, that "the district court of the United States in the district . . . in

which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."

5.      Venue is proper under 28 U.S.C. § 1391(e) because this is the judicial district in which Defendant, an agency of the United States, is located and "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

6.      Plaintiff's FOIA request was sent to Defendant on February 18, 2015.

7.      Defendant has failed to provide any requested documents.

8.      Pursuant to FOIA, this cause is ripe for judicial review.

## PARTIES

9.      Elaine Donnelly is the founder and President of the Center for Military Readiness, a nonpartisan public policy, educational, and media organization that reports on and analyzes military and social issues that affect women and men in the armed forces.  Issues of concern to the Center for Military Readiness are of wide public interest and have a direct effect on readiness and morale in the All-Volunteer Force, upon which our national security depends.

10.      The Center for Military Readiness is incorporated under the laws of the State of Michigan, and it is recognized by the Internal Revenue Service (IRS) as a 501(c)(3) organization.

11.      Since its founding in 1993, the Center for Military Readiness has researched and reported on various aspects of social policies in all branches of military service, often breaking news on an exclusive basis.  With the help of expert advisors, the Center for Military Readiness produces comprehensive policy analyses, reports, and published articles reporting and commenting on the actions and proposals of Executive and Defense Department officials and

members of Congress who enact laws, regulations, and directives governing military personnel.

12.     In January of 2013, the administration announced its decision to make female military personnel eligible for assignment to direct ground combat units, such as the infantry, by January of 2016.

13.     In order to ensure accurate reporting on policies implementing this decision, the Center for Military Readiness has filed requests for unclassified, non-personal documents that specifically concern identifiable operations or activities of the Department of Defense and related government agencies.  These documents should be produced on a timely basis, since the January 2016 deadline for the implementation of the Defense Department plans is fast approaching.

14.     The Center for Military Readiness is known for asking questions and addressing military and social issues from an independent perspective that is a specialized and unique voice in the media.

15.     The Center for Military Readiness maintains a website, which publishes articles and information pertaining to military personnel issues.  The Center for Military Readiness supplies links within its website to articles and media outlets to which the Center for Military Readiness has contributed, under the menu captions "NEWS RELEASES & MEDIA" and "ISSUES RESEARCH & ANALYSIS."

16.     The Center for Military Readiness is a media organization, and Elaine Donnelly is widely published.  As the President of the Center for Military Readiness, Elaine Donnelly gathers information of interest to certain segments of the public, and uses her editorial skills to turn the information and raw materials into distinct work and analysis.  Elaine Donnelly distributes her work through publication on the Center for Military Readiness website, as well as several media outlets nationwide.  Her articles focused on military personnel issues and have

been featured in many newspapers and magazines, including the Washington Post, USA Today, the Boston Globe, the Washington Times, National Review Online, U.S. News & World Report, the American Thinker, Congressional Quarterly Researcher, and the Naval Institute's Proceedings.  Elaine Donnelly has also appeared on most network and cable channel networks, discussing her research and analysis.

17.     Elaine Donnelly wrote a 2007 peer-reviewed article for the Duke University Journal of Gender Law & Policy titled "Constructing the Co-Ed Military," and a chapter in a 2010 book, *Attitudes Aren't Free: Thinking Deeply About Diversity in the US Armed Forces*, which was published in several editions and disseminated nationwide by the Air University Press at Maxwell Air Force Base.  Elaine Donnelly has been quoted in many books by other authors as well.

18.     Defendant is an agency of the United States, exists subject to the laws of the United States, and is headquartered at the United States Department of the Army, 300 Army Pentagon, Washington, DC 20310-0300.

19.     Defendant has custody and control of the records that Plaintiff seeks through its FOIA request.   Upon information and belief, these records are located within this judicial district.

## STATEMENT OF FACTS

20.     On February 18, 2015, Plaintiffs sent their FOIA request to Defendant, seeking the production of the following documents requested in forty document requests.  The FOIA request is appended to this Complaint as Exhibit A, and is incorporated by reference.

21.     As noted in the FOIA request, it is upon information and belief that the documents sought by the Plaintiffs are in the possession, custody, and control of Defendant.

- 4 -

22.     On March 27, 2105, Defendant confirmed receipt of Plaintiffs' FOIA request.

23.     To date however, Defendant has failed to provide any of the requested documents.

24.     FOIA allows twenty business days from the date of the request for the government to produce the requested information.  5 U.S.C. § 552(a)(6)(A)(i).

25.     The government may make one request to extend the twenty day time period upon demonstrating an unusual circumstance.  5 U.S.C. § 552(a)(6)(B)(i).

26.     Even if the government demonstrates an unusual circumstance, the time period to fulfill the FOIA request should not be extended further than ten business days.  5 U.S.C. § 552(a)(6)(B)(i).  Defendants have not asserted that an unusual circumstance exists here.

27.     The information sought by Plaintiffs under FOIA has been withheld beyond the statutorily proscribed time limitation.

28.     Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiffs are deemed to have exhausted any and all administrative remedies.

29.     Plaintiffs hold a statutory right to the records.  5 U.S.C. § 552.

30.     Due to the government's failure to adequately and timely respond to Plaintiffs' FOIA request, the FOIA request is constructively denied, necessitating judicial review.  U.S.C. § 552(a)(6)(C).

## CLAIM FOR RELIEF

### (Violation of FOIA, 5 U.S.C. § 552)

31.     Plaintiffs hereby incorporate by reference and re-allege all stated paragraphs.

32.     Defendant is unlawfully withholding records requested by Plaintiffs pursuant to 5 U.S.C. § 552.

33.     Defendant was required to satisfy the FOIA request pursuant to the time

limitations under FOIA, but to date has failed to do so.

34.     Plaintiffs seek the disclosure of, and access to, the records contained within the FOIA request.

35.     Plaintiffs are being irreparably harmed by reason of Defendant's unlawful withholding of the requested records.  The implementation of the administration's decision to make women eligible for direct ground combat units is proceeding without public disclosure of important information believed to be incorporated in the requested documents.  Plaintiffs and members of the public, who receive their news from the Center for Military Readiness, and count on Elaine Donnelly's publications and analysis for timely and accurate information from an independent perspective, will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this court:

A)     declare that Defendant's constructive denial of the FOIA request was unlawful;

B)     order Defendant to conduct searches for any and all responsive records to Plaintiffs' FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiffs' FOIA request;

C)     order Defendant to produce, by a date certain, the records contained within Plaintiffs' FOIA request;

D)     order Defendant to produce a *Vaughn* index of any and all responsive records if the Defendant withholds any or all records claiming an exemption;

E)     enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA request;

F)      grant a waiver of fees as required by 5 U.S.C. § 552(a)(4)(A)(viii);

G)      award Plaintiffs' attorneys fees and any other litigation costs reasonably incurred

in this action as provided in 5 U.S.C. § 552(a)(4)(E); and

H)      grant such other and further relief as this court may deem just and proper.


Dated: March 31, 2015                    Respectfully submitted,

                                         THOMAS MORE LAW CENTER

                                         /s/ Erin Mersino
                                         Erin Mersino, Esq.
                                         (DC Bar No. MI0060)
                                         (Michigan Bar No. P70886)
                                         24 Frank Lloyd Wright Drive
                                         P.O. Box 393
                                         Ann Arbor, Michigan 48106
                                         Tel: (734) 827-2001
                                         Fax: (734) 930-7160
                                         emersino@thomasmore.org